Filed 12/19/24 P. v. Fairbanks CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BYRON MCCORD FAIRBANKS,<br><br>    Defendant and Appellant. | A169384<br><br>(Contra Costa County Super. Ct. No. 05-00160675-5) |

Byron McCord Fairbanks appeals from a resentencing order entered pursuant to Penal Code section 1172.75.[1] He does not challenge the trial court's ruling insofar as it struck now invalid one-year prior prison term enhancements (§ 667.5, former subd. (b)). He argues only that the trial court abused its discretion by denying his invitation to dismiss two prior strike convictions, pursuant to section 1385 and *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*). We affirm but remand so that the trial court may prepare an amended abstract of judgment that reflects Fairbanks's actual custody credits up to the date of the resentencing hearing.

---

[1] All undesignated statutory references are to the Penal Code.

## BACKGROUND

### A.

Before January 1, 2020, section 667.5, former subdivision (b), required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a prior prison term and not remained free of custody for at least five years. (§ 667.5, former subd. (b), as amended by Stats. 2018, ch. 423, § 65; *People v. Burgess* (2022) 86 Cal.App.5th 375, 379–380 (*Burgess*).) Effective January 1, 2020, Senate Bill No. 136 (2019-2020 Reg. Sess.) amended section 667.5 by limiting the enhancement solely to prior terms served for sexually violent offenses. (Stats. 2019, ch. 590, § 1; *Burgess,* at p. 380.)

As a result of later legislation, section 1172.75 now retroactively invalidates all other prior prison term enhancements—imposed under section 667.5, former subdivision (b), before January 1, 2020 (§ 1172.75, subd. (a))—and provides a mechanism for courts to resentence defendants serving terms which include such enhancements. (*Id.,* subds. (b)-(d); *People v. Carter* (2023) 97 Cal.App.5th 960, 966; *Burgess, supra,* 86 Cal.App.5th at p. 380.)

Specifically, section 1172.75 "directs the Secretary of the Department of Corrections and Rehabilitation . . . to 'identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a) and . . . provide the name of each person, along with the person's date of birth and the relevant case number or docket number, to the sentencing court that imposed the enhancement.' (§ 1172.75, subd. (b).)" (*Burgess, supra,* 86 Cal.App.5th at p. 380.) The statute then directs the trial court to review the judgment, verify that it includes such an enhancement, "and if so, 'recall the sentence and resentence the defendant.' (§ 1172.75, subd. (c).)" (*Burgess*, at p. 380.)

2

"By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402.) "Resentencing . . . shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing . . . shall not result in a longer sentence than the one originally imposed." (§ 1172.75, subd. (d)(1).) The court is further directed to "consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (*Id.*, subd. (d)(3).)

**B.**

In 2015, Fairbanks, Fairbanks's girlfriend, Henry Perez, Robert Fitch, and an additional man were at Perez's home in Richmond, where Perez sold drugs. Although he knew he was not legally permitted to possess a firearm, Fairbanks brought a gun with him to Perez's house. Fairbanks took the gun for protection against two men in the neighborhood (not Fitch), who had threatened him.[2]

Fitch repeatedly asked Fairbanks if Fairbanks "had a problem with [him]?" Fairbanks said, "no." When Fitch asked Fairbanks for water, Fairbanks filled Fitch's cup in the bathroom. Fitch looked in the glass and asked in a loud and

---

[2] The facts in this section are taken from our prior opinion and are not disputed by the parties. (*People v. Fairbanks* (April 4, 2019, A152350) [nonpub. opn.].)

3

angry voice, "[W]ho spit in my water[?]" When Fairbanks assured Fitch no one had and returned to the bathroom, Fitch brandished a fork close to Fairbanks's face and said, "motherfucker, that's spit."

Fairbanks pushed Fitch's hand away and closed the bathroom door. Fitch continued yelling. When Fairbanks stepped out of the bathroom, Fitch lunged at him with a fork in his hand. Worried that Fitch was going to stab him or his girlfriend with the fork, Fairbanks pulled his gun, fired it once, and ran from the house. Fitch died as a result of a single gunshot wound that transected his femoral artery. Fairbanks admitted shooting Fitch but claimed he did so in self-defense.

In 2016, Fairbanks was convicted of being a felon in possession of a firearm (§ 29800, subd. (a)(l); count two), but a mistrial was declared as to the murder charge (§ 187, subd. (a); count one) after the jury was unable to reach a verdict. On retrial of the latter charge, in 2017, the jury acquitted Fairbanks of murder but found him guilty of the lesser included offense of voluntary manslaughter (§ 192, subd. (a)).

Finding that Fairbanks had two prior strike convictions— one for assault with a deadly weapon (§§ 245, subd. (a)(1), 667, subd. (d)(1), 1192.7, subd. (c)(1)) and one for assault which involved the infliction of great bodily injury (§§ 245, subd. (a)(1), 667, subd. (d)(1), 667.5, subd. (c)(8), 12022.7)—and four prior felony convictions for which he served prison terms (§ 667.5, former subd. (b)), the trial court sentenced him (in 2017) to an indeterminate term of 25 years to life for voluntary manslaughter under the Three Strikes law (§§ 667, subd. (e)(2)(A)(ii); 1170.12, subd. (c)(2)(A)(ii)).[3] Punishment on count two (felon in possession of a firearm), as well as on the enhancements for his prior prison

---

[3] The trial court denied the defense request to dismiss Fairbanks's prior strikes.

terms (§ 667.5, former subd. (b)), was stayed.  In 2019, in an unpublished decision, this court affirmed the judgment.  (*People v. Fairbanks* (April 4, 2019, A152350), review denied July 10, 2019, S255458.)

In 2022, presumably after receiving notice from the Department of Corrections and Rehabilitation that Fairbanks might qualify for relief under section 1172.75, the trial court appointed counsel to represent him.  Defense counsel filed a "Motion for Recall of Sentence & Full Resentencing," pursuant to section 1172.75.  Fairbanks argued therein that a full resentencing was required.  He asked the court to strike his now invalid prior prison term enhancements (§ 667.5, former subd. (b)) and, additionally, invited the court to dismiss one or both of his strike priors pursuant to section 1385 and *Romero, supra,* 13 Cal.4th 497.

The prosecutor's responsive memorandum described Fairbanks's criminal history, which dated back to 1983 and included numerous felony convictions, including two qualifying strike convictions—one in 2000 and the second in 2006 (committed while he was still on parole for the first).  The instant offenses were committed after Fairbanks served a seven-year prison term (in connection with the latter conviction) and less than three years after he had been released from parole.

The People conceded that Fairbanks was entitled to have his prior prison term enhancements stricken but argued that Fairbanks had not established that he fell outside the spirit of the Three Strikes law.

At the resentencing hearing, Fairbanks expressed remorse for having killed Fitch.  The trial court recalled the sentence and resentenced Fairbanks.  Pursuant to section 1172.75, it struck the one-year enhancements originally imposed (but stayed) under section 667.5, former subdivision (b).  The court acknowledged that it had discretion to dismiss one or more of Fairbanks's prior

5

strikes.  However, based on its conclusion that the record failed to show Fairbanks was outside the spirit of the Three Strikes law, the court declined to do so.  The court reimposed an aggregate sentence of 25 years to life in prison.

The court explained: "With respect to the [*Romero*] factors, what we see is an escalating course of conduct.  It appears that the majority of his offenses prior to 2000 were misdemeanors, not all, but the majority.  But there is an escalating course of conduct where you can see they are getting more and more serious.  And while I'm not going to engage in fact finding regarding how this event occurred, especially given in seeing what the jury determined, there was not malice aforethought.  However, he was carrying a firearm in a situation and discharged it, it seems, without much thought. [¶]  So the combination of that action with the prior 245s, which were not necessarily similar but were of an escalating nature of assaults, I do not think he lies outside of the scope of the three-strikes statute."

## DISCUSSION

Fairbanks argues that the trial court abused its discretion in declining to strike or dismiss one or both of his prior strike convictions, pursuant to section 1385, subdivision (a), and *Romero, supra*, 13 Cal.4th 497.  The People ask us to affirm on two alternative grounds.  First, they contend that Fairbanks was not entitled to a full resentencing under section 1172.75 because his sentence did not include a prior prison term enhancement that was both imposed and *executed*.  Here, punishment on the now invalid enhancements, under section 667.5, former subdivision (b), was stayed.  Second, the People maintain that, on the merits, the trial court did not abuse its discretion.  We agree with the People on the second point.

6

## A.

After reviewing the initial question of statutory interpretation de novo (*People v. Espino* (2024) 104 Cal.App.5th 188, 194, review granted Oct. 23, 2024, S286987), we conclude that section 1172.75 applies whenever a prison prior (§ 667.5, former subd. (b)) is included in a judgment, regardless of whether the prior term is executed or stayed.

The parties' disagreement involves the meaning of the word "imposed." Penal Code section 1172.75, subdivision (a), provides: "Any sentence enhancement that was *imposed* prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid." (Italics added.)

When the argument was raised below, the trial court accepted Fairbanks's current position—that a section 667.5 sentence enhancement that was imposed *and stayed*, for a non-sexually-violent offense before January 1, 2020, qualifies as a sentencing enhancement that is subject to resentencing under section 1172.75. The trial court relied on *People v. Renteria* (2023) 96 Cal.App.5th 1276, 1281-1283, which rejected the same argument that the People present here—that the term "imposed" limits relief to only those prior term enhancements that were both imposed *and executed*.

Several published decisions have considered whether section 1172.75 applies when a now-invalid prison prior was imposed but stayed rather than executed. Although the majority of reviewing courts agree with the holding of *People v. Renteria, supra,* 96 Cal.App.5th at pages 1281-1283, there is a split among the courts of appeal, and the issue is currently before our Supreme Court. (Compare *ibid.*; *People v. Christianson* (2023) 97 Cal.App.5th 300, 311-313, 315, review granted Feb. 21, 2024, S283189; *People v. Mayberry* (2024) 102 Cal.App.5th 665, 673–

7

676, review granted Aug. 14, 2024, S285853; *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1276-1278, review granted Mar. 12, 2024, S283547; with *People v. Rhodius* (2023) 97 Cal.App.5th 38, 45, 49, review granted Feb. 21, 2024, S283169 [recall and resentencing only available when prison prior enhancement is imposed *and* executed].)

We agree with Fairbanks that the majority interpretation of section 1172.75 is more persuasive. Had the Legislature intended to eliminate enhancements that were imposed *and executed*, but preserve those that were imposed *but stayed*, it would have done so expressly. (See, e.g., *People v. Mayberry, supra*, 102 Cal.App.5th at p. 676.) Accordingly, the trial court correctly determined that Fairbanks was entitled to a full resentencing. We proceed to the merits.

**B.**

Fairbanks fails to demonstrate any abuse of discretion in the trial court's refusal to dismiss his prior strikes. (See *People v. Carmony* (2004) 33 Cal.4th 367, 375 (*Carmony*) [standard of review].)

**1.**

The Three Strikes initiative established sentencing requirements " 'to be applied in every case where the defendant has at least one qualifying strike, unless the sentencing court "conclud[es] that an exception to the scheme should be made because, for articulable reasons which can withstand scrutiny for abuse, this defendant should be treated as though he actually fell outside the Three Strikes scheme." ' " (*Carmony, supra*, 33 Cal.4th at p. 377.)

A trial court has discretion to dismiss a prior strike conviction alleged under the Three Strikes law if the dismissal is in the furtherance of justice (§ 1385, subd. (a)), "subject . . . to strict compliance with the provisions of section 1385." (*Romero,*

8

*supra*, 13 Cal.4th at p. 504.) "[T]he underlying purpose of striking prior conviction allegations is the avoidance of unjust sentences." (*People v. Garcia* (1999) 20 Cal. 4th 490, 500.) In exercising this discretion, the trial court must consider "whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit." (*People v. Williams* (1998) 17 Cal.4th 148, 161 (*Williams*).)

These are "stringent standards." (*Carmony, supra,* 33 Cal.4th at p. 377.) The Three Strikes law establishes that not dismissing a prior strike conviction is the "norm," and there is a "strong presumption that any sentence that conforms to these sentencing norms is both rational and proper." (*Id.* at p. 378.) A trial court does not abuse its discretion unless it was unaware of its discretion, it refused the invitation to strike for impermissible reasons, or "its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id.* at p. 377; see *id.* at p. 378.) " '[W]here the record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, [the reviewing court] shall affirm the trial court's ruling, even if [it] might have ruled differently in the first instance.' " (*Id.* at p. 378.)

**2.**

Fairbanks argues that the trial court abused its discretion because it failed to consider all the relevant factors and instead relied solely on his criminal record. Neither the record, nor the governing law, support this contention.

The court did not ignore Fairbanks's background, the nature of his current offenses, or any other individualized factor. (See *Romero, supra*, 13 Cal.4th at p. 531.) Rather, the trial court was presented with ample information regarding the nature and

9

circumstances of Fairbanks's convictions, character, and prospects. (See *Williams, supra*, 17 Cal.4th at p. 161.)

The court decided that Fairbanks had not shown that he was outside the spirit of the Three Strikes law based on his criminal history, the violent nature of his prior convictions, and the circumstances surrounding the instant offenses—which showed an increasing level of dangerousness and resulted in Fitch's death. None of the considerations relied upon by the court were impermissible or unsupported. (See *Williams, supra,* 17 Cal.4th at pp. 161, 165 [a "dangerous offense . . . may appropriately be considered in deciding whether punishment under the provisions of the Three Strikes law is warranted regardless of whether death or injury actually occurred"].)

Fairbanks argues that his prior strike offenses were remote in time. However, Fairbanks was in custody or on parole during most of the time that passed between his 2005 and 2015 offenses. And he was still on parole for the first prior strike when he committed the second. The remoteness of a prior strike does not mean that a defendant falls outside the spirit of the Three Strikes law. (*People v. Mayfield* (2020) 50 Cal.App.5th 1096, 1107 ["older strike convictions do not deserve judicial forgiveness unless the defendant has used them as a pivot point for reforming his ways"]; *People v. Strong* (2001) 87 Cal.App.4th 328, 342 ["remoteness alone cannot take a defendant outside the spirit of the very law that expressly rejects remoteness as a basis for avoiding the law"].)

Fairbanks also relies on his postconviction efforts at rehabilitation and his assertions that he suffered abuse and neglect as a child. True, his rehabilitation efforts are commendable. And both factors were relevant to the trial court's decision. But they carry limited weight in our analysis on appeal. (See § 1172.75, subd. (d)(3); *Carmony, supra*, 33 Cal.4th at pp. 377-378 [only limited circumstances establish abuse of discretion,

10

such as where court is unaware of its discretion, considers impermissible factors in exercising that discretion, or renders decision "so irrational or arbitrary that no reasonable person could agree with it"].)

Ultimately, Fairbanks may disagree with the trial court's balancing and believe it should have focused more on his adverse childhood experiences and his recent rehabilitation efforts. But that does not mean that the trial court abused its discretion. (See *Carmony,* 33 Cal.4th at p. 379 [appellate court erred in finding an abuse of discretion where it "simply disagreed with the [trial] court's weighing of the[] factors"]; *People v. Myers* (1999) 69 Cal.App.4th 305, 310 ["court is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary" and "fact that the court focused its explanatory comments on the violence and potential violence of appellant's crimes does not mean that it considered only that factor"].)

Fairbanks has not shown an abuse of discretion.

## DISPOSITION

The matter is remanded to the trial court with instructions to prepare an amended abstract of judgment that includes the actual days Fairbanks spent in the custody of the Department of Corrections and Rehabilitation after the time of his initial sentencing to the date of his resentencing hearing. (§ 2900.1; *People v. Buckhalter* (2001) 26 Cal.4th 20, 37.) The clerk of the superior court shall transmit a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation. The judgment is otherwise affirmed.

BURNS, J.

WE CONCUR:

JACKSON, P.J.
SIMONS, J.
*People v. Fairbanks (A169384)*

11